UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mourice Neal El,                                         Case No. 3:22 CV 1180

        Plaintiff,

   v.                                                  **OPINION AND ORDER**

Sheriff Officer Showman,

        Defendant.

### Background

*Pro se* Plaintiff Mourice Neal El initiated this action in the Southern District of Ohio by filing a complaint against Sheriff Officer Showman (Doc. 4), along with a motion to proceed *in forma pauperis* (Doc. 1). The action was subsequently transferred here. After the transfer, plaintiff filed a supplement to his complaint (Doc. 5) and a motion for a default judgment (Doc. 6).

In his complaint, plaintiff alleges Officer Showman violated his rights under the Fourth Amendment by arresting him and putting him in the Sandusky County Jail regarding "sex registration" without an arrest warrant. (Doc. 4 at 3.) Plaintiff asserts Officer Showman "should have know[n] he needed [a ]signed arrest warrant and not a signed notary document to base his arrest and conviction on." (*Id*.) Plaintiff does not provide further cogent details with respect to his claim, but he indicates in his pleadings that his complaint relates to a municipal court case against him that has now been bound over to the Sandusky County Court of Common Pleas for prosecution on a charge of failing to register as a sex offender. *See* Doc. 5-4; *State of Ohio v.*

*Neal*, 22 CR 448 (Sandusky Cty. Ct. of Comm. Pls.).

For relief, plaintiff states he "would like to be granted his sovereign citizenship with the use of the name Mourice Neal El and four trillion [dollars] and for a place to live . . . ." (Doc. 4 at 4.)

### Standard of Review and Discussion

Federal district courts are required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies in determining whether a complaint states a claim for purposes of § 1915(e)(2)(B)).

The Court finds that plaintiff's complaint must be dismissed.

As an initial matter, plaintiff has failed to allege a plausible federal civil rights claim upon which he may be granted relief. The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend IV. But "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Plaintiff has not alleged that Office Showman lacked probable cause to believe that plaintiff

committed a criminal offense. He alleges only that Officer Showman arrested him without a warrant. That is insufficient to state a plausible Fourth Amendment claim.

Further, even if his allegations were sufficient to allege a claim, federal courts must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). "When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case." *Williams v. Trumbull Cnty. Sheriff's Dept.*, 2019 WL 3843079, at *2-3 (N.D. Ohio Aug. 15, 2019) (citing *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988)). *Younger* abstention is appropriate if: (1) there is an ongoing state judicial proceeding; (2) implicating important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal constitutional questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

*Younger* abstention is warranted here. It is evident on the face of plaintiff's pleadings that his action pertains to his arrest and prosecution in connection with a pending state criminal prosecution implicating important state interests, and it is presumed that plaintiff has ample opportunity to present any constitutional challenges he has within the context of that ongoing state case. *See Pennzoil*, 481 U.S. at 15; accord *Walker v. Minton*, 1999 WL 503476, at *2 (6th Cir. July 7, 1999) (holding that the district court correctly abstained from deciding claims concerning an ongoing criminal prosecution in state court).

**Conclusion**

Accordingly, it is therefore

ORDERED THAT:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) is granted.

2. His complaint (Docs. 1, 5) is dismissed pursuant to 28 U.S.C. § 1915(e)(2);

3. His motion for default judgment (Doc. 6) is denied as moot in light of this dismissal; and

4. The Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So ordered.                                  s/James G. Carr

                                                                       Sr. U.S. District Judge