**In the United States District Court,
Northern District of Ohio,
Western Division**

| | |
|---|---|
| Mourice Neal El, | Case No. 3:22-CV-1180 |
| Plaintiff, | |
| | Judge James G. Carr |
| v. | |
| | **Order** |
| Sheriff Officer Showman, | |
| Defendant. | |

This is a civil rights suit under 28 U.S.C. § 1983. Plaintiff claims that the Defendant, Michael Showman, a Deputy Sheriff with the Sandusky County, Ohio Sheriff's Department, violated his rights under the Fourth Amendment when he entered Plaintiff's apartment without a warrant.

Pending is the Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Doc. 22). Plaintiff has filed a "Motion in Opposition" (Doc. 36), and Defendant has filed a Reply. (Doc. 37).

Because the Defendant attached affidavits and other extraneous documents to his Motion to Dismiss and filed alternatively as a Motion for Summary Judgment under Fed. R. Civ. P. 56, I will treat it as the latter and rule accordingly. *See* Fed. R. Civ P. 12(d). *See also, Ent. Prods, Inc. v. Shelby Cnty., Tenn.,* No. 08-2047, 2009 WL 10699869, at *3 (W.D. Tenn., Sept. 29, 2009) (Finding no unfair surprise to nonmovant where motion was made alternatively); (citing *Ball v. Union Carbide Corp.,* 385 F.3d 713, 719 (6th Cir. 2004) (a court has discretion to convert 12(b)(6) motion to a motion for summary judgment).

For the reasons that follow, I grant the Defendant's Motion.

1

**Background**

After the Sandusky County Sheriff's Department received a tip that the Plaintiff was a sex offender, who had failed to register with the Department as required under 34 U.S.C. §§ 20911, *et seq.* and 29 O.R.C. Chapter 2950, the Defendant undertook a follow-up investigation. (Doc 22-1 (Affidavit of Michael Showman), pgID. 72, ¶2).

Acting on the tip, Defendant confirmed that Plaintiff had a conviction in the State of Michigan for having sexual intercourse with a female under thirteen and was not registered as a sex offender in Ohio. (Doc 22-1, pgID. 72-3 ¶3-4). The Defendant also determined that Plaintiff was required to register every three months but had not done so since October 2014. (*Id.*).

Defendant verified the Plaintiff's address in Fremont, Ohio. (Doc. 22-1, pgID. 73, ¶ 5). On May 26, 2022, he went with other Deputy Sheriffs to that address. (*Id.*). After Defendant rang the doorbell a couple of times and knocked, a male opened the door, and Defendant verified it was Plaintiff. (*Id.* at pgID. 73-4, ¶7-10). When the Plaintiff stepped into the hallway outside of his apartment, Defendant placed him under arrest. (*Id.*).

Plaintiff stated that that he needed to reenter his apartment to get his shoes and keys. (*Id.* at pgID. 74, ¶11). He also stated he needed to use the restroom. (*Id.* at ¶13). The Defendant allowed the Plaintiff to enter to retrieve personal effects and use the restroom, but told him that he could not do so alone. So the Defendant followed Plaintiff into the apartment. (*Id.* at ¶11-13).

This, Plaintiff claims, resulted in the Defendant and fellow Sandusky County Deputies, violating his Fourth Amendment right to be free from warrantless entry into his residence.

**Discussion**

The Plaintiff is mistaken. The law is indisputably clear that following a lawful arrest – as occurred here – the arrestee cannot roam about the premises out of sight of an arresting officer.

*See Washington v. Chrisman*, 455 U.S. 1 (1982); *and see United States v. Harness*, 453 F.3d 752 (6th Cir. 2006).

This makes common sense. Officers need to accompany an arrestee to avoid, among other things, risk of flight, seizure of a weapon, and destruction of evidence. *Id.*

In addition, the initial encounter was in a common area of the building. The Plaintiff had no reasonable expectation of privacy in the apartment building hallway. *United States v. Trice*, 966 F.3d 506, 513 (6th Cir. 2020), citing *United States v. Dillard*, 438 F.3d 675, 682 (6th Cir. 2006). Thus, entry after the Plaintiff opened the door was permissible.

There was, accordingly, no Fourth Amendment violation. It is not necessary to consider the Defendant's arguments regarding qualified immunity any further.

## Conclusion

Because there was no violation of the Defendant's Constitutional rights under the Fourth Amendment or otherwise, it is hereby

ORDERED THAT:

1. The Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 22) be, and the same hereby is, **granted**.
2. This matter is hereby **dismissed with prejudice.**
3. An appeal from this decision could not be taken in good faith, as jurists of reason could not rationally disagree with its reasoning or result. Thus, no appeal shall be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr.. U.S. District Judge